JASPER L. DRAKE, Appellant,

*against*

NATHANIEL COLLINS, Appellee.

THE plaintiff declared on the following promis-
sory note :

January 24th, 1798.

For value received, I promise to pay *Jasper L.
Drake* eighty dollars ; as witness my hand,

*Nathaniel Collins.*

A promissory note deposited with arbitrators, subject to their indorsement to the amount of their award, is void.

General issue found, and cause to the Jury.

*Israel Smith,* for the plaintiff, stated this to be what
is commonly called an arbitration note. Some dis-
pute had arisen between the parties, who agreed to
submit their differences to arbitrators indifferently
chosen ; that a day and place were agreed upon for
the arbitrators to meet. Cross promissory notes of
equal tenor and date were made by the parties, and
deposited with the arbitrators, with power according
to the submission to reduce by indorsement the note
made by him against whom the award might be
made, to such sum as should be found due by the
arbitrators, and to deliver the same with his own note
to the other party. That the note declared upon was
one of these notes. That the arbitrators met on the
day and place appointed. The parties appeared,
when *Collins* objected to proceeding to business, al-
leging that his witnesses were not present, and that it
was too late in the day for him to procure them. The

parties then agreed that the matters in dispute should be submitted to the arbitrators upon their own statement; and if either was discontented with the award, he should be entitled to a rehearing the next day, when he might produce his witnesses. They accordingly submitted the matter in dispute to the arbitrators, who published their award. *Collins* declared himself discontented. The arbitrators convened the next day, at the same place. *Collins* did not appear to claim a new hearing. The arbitrators reduced the note declared upon to the sum found due to the plaintiff by their award, and delivered the note, together with his own, to him, according to the terms of the submission. And to recover the contents of this promissory note, his client had brought the present suit.

Chief Judge. If this statement be correct, and this note was given to abide the award of arbitrators in the mode stated, it has been settled by the Court, that such notes are void.

*Darius Chipman*, for the plaintiff. Can this be taken advantage of under the general issue?

Chief Judge. It goes to the consideration of the note, and may be taken advantage of under the general issue. It is a question, whether, after confession and judgment to enforce an arbitration award, such judgment would not be set aside.

HALL, Judge. I do not consider arbitration notes *ipso facto void*, but *voidable*. I conceive that the

award and every other circumstance may be gone into under the general issue.

Chief Judge. I carry the principle further. I consider such notes as void for want of consideration; but the fact, whether arbitration note or not, may be left to the Jury.

SMITH, Judge. When this subject was first started, I was rather inclined to be in opinion with my brother HALL, that arbitration notes, as they are styled, are not in themselves *void*, but merely *voidable;* that when a suit is commenced upon such note, the defendant under the general issue must first shew that the note declared upon is of this nature, and then may be let in to impeach the submission, the conduct of the parties and of the arbitrators, the award— every circumstance relative to the transaction. But if this doctrine has been done away by repeated decisions, as stated by the Chief Justice, I should think it my duty to acquiesce in such decisions, although none such ever came to my knowledge, and such decisions must have been made before I had the honour of a seat on this bench.

Witnesses were now sworn, who established the facts substantially, as stated by the leading counsel for the plaintiff.

The Chief Judge, in his charge to the Jury, observed, that the note was *prima facie* evidence of a legal demand by plaintiff against the defendant; that there were two points made in the defence:

11

First.  That it was an arbitration note, and as such not recoverable by law.

Secondly.  That if recoverable as an arbitration note, yet there were circumstances attending the arbitration which inhibited the plaintiff from recovering.

If they were convinced this was an arbitration note, they must find a verdict for the defendant; for it had been decided before and since he came upon the bench, that such notes are in themselves void, there being no legal consideration in them.

As to the second point, he believed the Jurors would have no occasion to make it the subject of their inquiry.  If, however, they inclined to consider it, they had heard the evidence, and might apply it to the cause.

Verdict for defendant.

*Israel Smith* and *Darius Chipman*, for plaintiff.